BELONGIA, Respondent, vs. BELONGIA and wife, Appellants.

*May 6—June 20, 1927.*

*Specific performance: Oral agreement to convey land: Definiteness.*

> Where a son was induced to return home pursuant to an oral contract with his father that he would receive a sixty-acre farm upon payment of a certain amount thereon, the father, after the son had returned and entered into possession and made substantial payments on the purchase price, will not be heard to object to having such oral contract enforced in a manner most favorable to him of all possible alternatives, *i. e.* the payment of the balance of the purchase price in cash.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action to compel conveyance.

In April, 1920, defendant *Philip Belongia,* the father of plaintiff, desired to obtain a certain sixty-acre farm in said county for an older son, Frank. The owner refused to sell unless he could also sell another sixty acres. The defendant was therefore compelled to and did buy 120 acres for

$14,600.   He then paid $5,000 cash, and to do so he and his wife, also a defendant, gave a mortgage on their homestead.   After all this was done, defendants notified plaintiff by letter to come home and of their intention that plaintiff should have the one sixty.

In response plaintiff, then about twenty-five years old, returned and the matter was then so orally agreed, plaintiff's sixty acres to bear $6,600 and Frank's $8,000 of the entire price.   The defendant, Frank, and plaintiff, with other members of the family, worked the homestead and the two sixty-acre farms, all under the father's control, as were all of the money matters.   Three hundred dollars was paid off in 1921 on the two farms.

This arrangement continued until 1922, when plaintiff went on his sixty acres and farmed it alone.   In September, 1923, his barn burned, and insurance of $4,000 on the barn and $700 on personal property was paid to the father.   Out of this money $1,500 was paid on the $5,000 homestead mortgage; $2,800 used to pay off a mortgage for that sum on the sixty acres plaintiff occupied; plaintiff receiving only $80 cash and a $150 team.   Defendant then got title to the 120 acres, giving a $6,500 mortgage on the whole.   Timber for a new barn was gotten out by the family, but more cash being needed for its building, plaintiff then demanded a deed of the sixty acres.   This being refused, he left and the father took possession and continued in control, its use and income being counterbalanced by the expenses.

This action sought to compel defendant to give a deed of the sixty acres upon payment to him of one half of the purchase price of $6,600, plaintiff to give back a mortgage for the balance, that being alleged as the oral agreement; an accounting was also asked of the profits, etc., while the farm was in defendant's possesssion.

The adjustment of the accounts between the parties as made by the court, and to which no objection is here taken,

found that there was a balance of $1,880 due from plaintiff to defendant on the $6,600 purchase price.  Offer to pay this sum was made in open court.

A judgment, in substance providing for a conveyance to plaintiff upon tender of such balance, being thereupon entered, defendants have appealed.

For the appellants there was a brief by *John B. Chase*, attorney, and *Classon & O'Kelliher*, of counsel, all of Oconto, and oral argument by *D. G. Classon*.

For the respondent there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *Walter F. Kuzenski*.

ESCHWEILER, J.   Appellants complain, and we are satisfied properly so, of the finding by the trial court to the effect that the oral contract in April, 1920, provided that when one half of the purchase price was paid the sixty acres should be deeded to the plaintiff, and he was thereupon to give a mortgage for the balance.

We find no testimony in the record to warrant such finding.   The plaintiff himself testified that nothing was said about giving a mortgage.   This erroneous finding, however, cannot affect the result.

It is conceded that the defendant father bought the 120 acres for the purpose of having each of the two boys acquire a sixty-acre farm, and that the $14,600 purchase price was to be adjusted, as between the two boys, by Frank paying $8,000 and *Hector* $6,000.

The only material dispute arises upon the somewhat indefinite claim of the defendant that no deed was to be given by him to either of the boys until after full payment by them had been made of the $5,000 mortgage placed on the homestead in making the down payment on the 120 acres.   Just how such payment was to be made and in what proportion between the two boys was not stated in his testimony.   The

defendant further conceded that he did not expect the plaintiff to pay the entire $5,000 homestead mortgage as a condition to being entitled to his sixty acres, but apparently he insisted that *Hector* must either undertake to discharge that mortgage in addition to or as part of his payment of the $6,600 purchase price, or in some manner compel Frank to assist in paying the mortgage. At the time of the trial Frank had paid nothing on account of his purchase price of $8,000, while *Hector* was entitled to a credit of all but $1,880 of his purchase price of $6,600 and he having, in effect, reduced this homestead mortgage by $1,500.

Appellants contend that the oral contract between the father and the son, whatever it might have been, was too uncertain and indefinite to be enforced in equity.

We feel, however, that the plaintiff, having been induced to return home upon the promise of the father that he should have the sixty-acre farm; it being definitely understood that $6,600 was to be the purchase price; having been let into possession of the sixty acres by the father under and pursuant to some contract between them; and substantial payment having been made, the defendant ought not now to be heard to object to having the same enforced in a manner the most favorable to him of all possible alternatives. Such in effect was the judgment below, namely, that upon payment of the entire purchase price the plaintiff is entitled to his deed.

*By the Court.*—Judgment affirmed.